UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Respondent/Plaintiff,<br><br>        v.<br><br>ROBERT BROWN,<br><br>                    Petitioner/Defendant. | Case No. 2:15-cr-00053-LRH-VCF<br><br>ORDER |

Before the Court is petitioner Robert Brown's ("Brown") motion, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 71). Brown filed his motion considering the recent ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Government opposed (ECF No. 73), arguing that Brown's claims are procedurally barred because he did not raise them on direct appeal. In his reply (ECF No. 74), Brown maintains that the constitutional errors are structural.

For the reasons contained within this Order, the Court denies his motion and denies him a certificate of appealability.

## I.        BACKGROUND

Brown has an extensive criminal history which, among other things, includes four felony convictions over the eight-year period leading to the instant offense.

The conduct relevant to this motion occurred on February 5, 2015, when Las Vegas police officers spotted a car with a large necklace hanging from the rearview mirror obstructing the driver's view. After running a records check, the officers learned that the car was registered to two

individuals who had outstanding arrest warrants. After stopping the car, the officers observed Brown driving the vehicle, and a woman in the passenger side. After searching both the vehicle and Brown's person, the officers found a loaded black semiautomatic handgun and 14.4 grams of marijuana.

In March 2016, Brown pleaded guilty to Unlawful Possession of a Firearm by a Previously Convicted Felon. ECF No. 61. The plea agreement stated that Brown knowingly possessed the firearm, and that he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year. ECF No. 62, at 4. In July 2016, this Court sentenced Brown to 42 months and 15 days' imprisonment followed by three years supervised release. Brown did not appeal.

Now, Brown seeks to vacate his sentence under 28 U.S.C. § 2255.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a petitioner may file a motion requesting the court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f). That one-year limitation period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3).

On June 21, 2019, the Supreme Court decided *Rehaif*, overturning established Ninth Circuit precedent. 139 S. Ct. 2191. In the past, the government was only required to prove that a defendant knowingly possessed a firearm under 18 U.S.C. §§ 922(g) and 924(a)(2). *Id.* at 2200. Now, under *Rehaif*, the government "must prove both that the defendant knew he possessed a firearm and that he knew that he belonged to the relevant category of persons barred from possessing a firearm." *Id.*

### III.   DISCUSSION

Brown argues that by leaving out the new *Rehaif* element from the original indictment, this Court lacked jurisdiction. ECF No. 71, at 14.  He further alleges the omission in the indictment violated both his Fifth Amendment guarantee that a grand jury find probable cause to support all the necessary elements of a crime, and his Sixth Amendment right to effective assistance of counsel and to be informed of the nature and cause of the accusation. *Id.* at 16–21.

### A. Unconditional Guilty Plea

The government contends that by pleading guilty unconditionally, Brown waived his right to make any non-jurisdictional challenges to the indictment; specifically, his Fifth and Sixth Amendment challenges. *See Tollet v. Henderson*, 411U.S. 258, 267 (1973). ECF No. 73, at 12.

As part of his plea, Brown waived "…all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel." Consequently, Brown waiving "all non-jurisdictional defenses . . . cures all antecedent constitutional defects, allowing only an attack on the voluntary and intelligent character of the plea." *United States v. Brizan*, 709 F.3d 864, 866–67 (9th Cir. 2013). Considering the plea's cut-and-dry language, the Court finds Brown's claims are barred by his guilty plea even in view of the exceptions to *Tollett v. Henderson*, 411 U.S. 258 (1973).[1] Nevertheless, the Court still finds it necessary to address the jurisdictional and procedural default arguments below.

### B.  Jurisdiction

This Court "has jurisdiction of all crimes cognizable under the authority of the United States…." *Lamar v. United States*, 240 U.S. 60, 65 (1916). Any "objection that the indictment does not charge a crime against the United States goes only to the merits of the case," and does not deprive the court of jurisdiction. *Id.; see also United States v. Cotton*, 535 U.S. 625, 630 (2020)

---

[1] *Tollett* limited federal habeas challenges to pre-plea constitutional violations. 411 U.S. at 267. Exceptions to this general rule include a claim which the state cannot "constitutionally prosecute." *Class v. U.S.*, 138 S. Ct. 789, 805 (2018) (quoting *Menna v. New York*, 423 U.S. 61, 63 (1975) (per curiam)). While Brown claims such an exception exists in the present instance (ECF No. 71, at 21), the Court agrees with other well-reasoned decisions in the District of Nevada which hold it does not. *See United States v. Abundis*, Case No. 2:18-cr-00158-MMD-VCF-1 (D. Nev. Nov. 30, 2020) (finding that the exceptions to *Tollett* do not apply under *Rehaif* as the claims "could have been remedied by a new indictment.").

(reiterating *Lamar*). Quite importantly, the Ninth Circuit and decisions within the District of Nevada have relied on the principle announced in *Cotton* in cases considering the aftermath of *Rehaif*. *See, e.g.*, *United States v. Espinoza*, 816 F. App'x 82, 84 (9th Cir. 2020) ("[T]he indictment's omission of the knowledge of status requirement did not deprive the district court of jurisdiction."); *see also United States v. Miller*, Case No. 3:15-cr-00047-HDM-WGC (D. Nev. Dec. 8, 2020); *United States v. Baustamante*, Case No. 2:16-cr-00268-APG (D. Nev. Dec. 7, 2020).

Therefore, pursuant to Ninth Circuit precedent and decisions in this District, the Court had and continues to have jurisdiction over Brown's case despite *Rehaif*.

### C. Procedural Default

The government also argues that his claims are procedurally defaulted. ECF No. 73, at 6. While a defendant certainly can question the underlying legality of his sentence or conviction, one who does not on direct appeal is procedurally defaulted from doing so unless they can demonstrate: (1) cause and prejudice; or (2) actual innocence. *See Bousley v. U.S.*, 523 U.S. 614, 622 (1998) (citations omitted). "'Cause' is a legitimate excuse for the default; 'prejudice' is actual harm resulting from the alleged constitutional violation." *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

Brown did not challenge the validity of the indictment and/or plea on direct appeal, but instead, argues his claims have not procedurally defaulted because he can demonstrate cause and prejudice, or, in the alternative, the omission in his indictment is a structural error and therefore only requires a showing of cause. Each argument is addressed in turn.

#### 1. Cause

Brown can likely demonstrate cause. *Rehaif* overturned long standing precedent in the Ninth Circuit, and the decision's constitutional consequences were not "reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984).

///

///

///

1                 **2.**       **Prejudice**

2       Still, Brown cannot demonstrate prejudice. The Ninth Circuit has found in numerous

3 scenarios, that even if a defendant had been aware that the Government would need to prove the

4 knowledge-of-status element, there is no reasonable probability that the outcome would have been

5 different. *See United States v. Espinoza,* 816 F. App'x 82, 84 (9th Cir. 2020) (holding that "the

6 failure of the indictment and plea colloquy to include the element of knowledge of felon status

7 does not require us to vacate [the] conviction…"); *United States v. Schmidt*, 792 F. App'x 521,

8 522 (9th Cir. 2020) ("Although [defendant] did not argue below that the government was required

9 to prove [defendant] knew he was a felon, under any standard of review there was overwhelming

10 evidence that [defendant] knew he was a felon when he possessed the firearms at issue in this

11 case."); *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 989 (9th Cir. 2020) (finding in the trial

12 context that, "even if the district court had instructed the jury on the knowledge-of-status element,

13 there is no reasonable probability that the jury would have reached a different verdict…"). In other

14 words, the Ninth Circuit has repeatedly found no actual harm resulted from alleged constitutional

15 violations stemming from the decision in *Rehaif* in cases involving comparable facts to Brown's.

16       Here, Brown admitted that he had been convicted of a felony at the time he possessed the

17 weapon. ECF No. 62, at 4. Even more, Brown had a host of prior felony convictions and was on

18 probation at the time he was taken into custody. The Court is not persuaded that the inclusion of

19 the *Rehaif* element would have changed Brown's decision to plead guilty or that his plea was

20 involuntary.

21       Accordingly, there is no reasonable probability, but for the *Rehaif* error, that the outcome

22 of the proceeding would have been different. Therefore, because Brown has not demonstrated both

23 cause and prejudice, he procedurally defaulted on his claims challenging the legality of his

24 conviction.

25      **D.  Structural Error**

26       Alternatively, Brown argues the constitutional errors are structural, therefore only

27 requiring a showing of cause. "[C]ertain errors, termed structural errors, might affect substantial

28 rights regardless of their actual impact on an appellant's trial." *United States v. Marcus*, 560 U.S.

258, 263 (2010) (citations omitted). Structural errors go to the very heart of the trial and are not "simply an error in the trial process itself." *Arizona v. Fulimante*, 499 U.S. 279, 310 (1991).

While the Ninth Circuit has not decided whether the knowledge-of-status element in *Rehaif* presents issues of structural error, numerous other circuits have concluded it does not. *See United States v. Nasir*, 2020 WL 7041357, at *19, n.30 (3d Cir. Dec. 1, 2020); *United States v. Coleman*, 961 F.3d 1024, 1030 (8th Cir. 2020); *United States v. Payne*, 964 F.3d 652, 657 (7th Cir. 2020); *United States v. Lavalais*, 960 F.3d 180, 187 (5th Cir. 2020); *United States v. Trujillo*, 960 F.3d 1196, 1207 (10th Cir. 2020).

The Court agrees with these circuit courts and concludes that *Rehaif* likely does not involve the limited class of errors the Supreme Court has deemed structural.

**E.  Certificate of Appealability is Denied**

To proceed with an appeal of this Order, Brown must receive a certificate of appealability from the Court. 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22; 9TH CIR. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006). For the Court to grant a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). And the petitioner bears the burden of demonstrating that the issues are debatable among reasonable jurists; that a court could resolve the issues differently; or that the issues are "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483-84 (citation omitted).

As discussed above, Brown has failed to raise a meritorious challenge to his conviction and sentence pursuant to the Ninth Circuit's decisions following *Rehaif*. As such, the Court finds that he has failed to demonstrate that reasonable jurists would find the Court's assessment of his claims debatable or wrong. *See Allen*, 435 F.3d at 950–51. Therefore, the Court denies Brown a certificate of appealability.

///
///
///
///

6

1

## IV.    CONCLUSION

2    IT IS THEREFORE ORDERED that Brown's motion to vacate, set aside, or correct his

3    sentence pursuant to 28 U.S.C. § 2255 (ECF No. 71) is **DENIED.**

4    IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

5    IT IS FURTHER ORDERED that the Clerk of Court **ENTER** a separate and final

6    Judgment denying Brown's § 2255 motion. *See Kingsbury v. United States*, 900 F.3d 1147, 1150

7    (9th Cir. 2018).

8    IT IS SO ORDERED.

9    DATED this 6th day of January, 2021.

10

11    LARRY R. HICKS

12    UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28